IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THEODORE J. DAVENPORT, JR., | : | |
| Petitioner, | : | 3:19-cv-2155 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| ERIC TICE, PENNSYLVANIA | : | |
| ATTORNEY GENERAL OFFICE, | : | |
| Respondents. | : | |

## MEMORANDUM

**June 1, 2020**

On December 19, 2019, Petitioner Theodore J. Davenport, Jr.,

("Davenport"), filed the instant the instant petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254, challenging convictions entered in the Court of

Common Pleas of Dauphin County, Pennsylvania in 2011. (Doc. 1).  Because it

appeared that the petition may be barred by the statute of limitations, in accordance

with *United States v. Bendolph*, 409 F.3d 155, 169 (3d Cir. 2005) (*en banc*), on

January 23, 2020, the Court directed the parties to address the timeliness of the

petition and any applicable statutory and/or equitable tolling of the statute of

limitations. (Doc. 7).   Respondents filed their response on February 7, 2020.

(Doc. 10).  Davenport filed his traverse on May 15, 2020.  (Doc. 20).  The petition

is ripe for disposition and, for the reasons set forth below, will be dismissed as untimely.

## I.   <u>BACKGROUND</u>

In 2010, Davenport was charged in the Court of Common Pleas of Dauphin County in Criminal Cases CP-22-CR-6114-2010, and CP-22-CR-6115-2010, with two counts of robbery.  (Docs 10-1, 10-2).  On August 29, 2011, he pled guilty to two counts of robbery.  (Doc. 10-6, p. 1; *Commonwealth v. Davenport*, 1605 MDA 2013, 2014 WL 10936923 (Pa. Super. May 19, 2014)).  On that same date, he was sentenced to a mandatory minimum term of 120 to 240 months of imprisonment, and the sentences were ordered to run concurrently.  (*Id.*).  Davenport did not appeal his judgment of sentence.

On March 5, 2012, he filed a Post Conviction Relief Act ("PCRA") petition pursuant to 42 PA. CONS. STAT. §§ 9541-46.  On August 20, 2013, the PCRA court dismissed the petition.  (Doc. 10-6, p. 1).  On May 19, 2014, the Superior Court of Pennsylvania ("Superior Court") affirmed.  No further appeal was taken.

In November 2015, Davenport pursued private complaints of criminal misconduct against detectives and police officers, alleging they conspired with the Magisterial District Judge to approve documents related to his arrest.  (Doc. 10-10).  The complaints were received in the district attorney's office on November

12, 2015.  (Doc. 10-10, p. 1).  On March 15, 2016, following an investigation, the Dauphin County District Attorney's Office declined to prosecute the complaints. (Doc. 10-8, p. 55).  Davenport filed a petition for review with the Court of Common Pleas of Dauphin County.  (Doc. 10-11).  The court denied the petition. (Doc. 10-8, pp. 51-54).  He appealed to the Superior Court.  The Superior Court affirmed the trial court's decision to deny the petition for review on March 10, 2017.  (Doc. 10, ¶ 14).  His subsequent appeal to the Supreme Court of Pennsylvania was denied on September 21, 2017.  (*Id.* at 15).

Davenport filed the instant petition on December 19, 2019.  (Doc. 1).

## II.   **DISCUSSION**

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).  *See* 28 U.S.C. § 2244(d) (1).  Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

. . .

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999).

Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

The state court sentenced Davenport on August 29, 2011. He failed to pursue a direct appeal. Hence, on September 28, 2011, after the expiration of the thirty days allotted to pursue a direct appeal, in accordance with 28 U.S.C. § 2244(d)(1)(A), his judgment of sentence became final. The one-year AEDPA statute of limitations period commenced running as of that date and expired one year later, on September 28, 2012. Therefore, the present petition, filed on December 19, 2019, is patently untimely.

However, the limitation period is not "an inflexible rule requiring dismissal

4

whenever AEDPA's one-year clock has run." *Day v. McDonough*, 547 U.S. 198, 208 (2006).  "Instead, the limitation period is subject to both statutory and equitable tolling." *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 (3d Cir. 2013).

### A.     Statutory Tolling

Section 2244(d)(2) tolls the one-year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought.  *Swartz v. Meyers*, 204 F.3d 417 (3d Cir. 2000).

Davenport successfully tolled the statute of limitations on March 5, 2012, when he filed a timely PCRA petition. At that point, approximately 159 days of the one year limitations period had elapsed.  The statute remained tolled until June 18, 2014, thirty days after the Superior Court affirmed the denial of PCRA relief. Davenport was required to file his petition in federal court on or before January 10, 2015, 206 days after the conclusion of the PCRA proceedings.  The instant petition

filed on December 19, 2019, 1804 days after the conclusion of the PCRA proceedings, is therefore untimely.

To the extent that Davenport pursued, private criminal complaints, such action did not toll the statute.  Statutory tolling is limited to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

The petition is untimely despite the initial statutory tolling of the limitations period.

## B.    Equitable Tolling

Equitable tolling stops the clock when extraordinary circumstances prevent a petitioner from timely filing, thereby rendering strict enforcement of the one-year limitations period unfair.  *Wood v. Milyard*, 566 U.S. 463, 469 n.3 (2012); *see also Holland v. Florida*, 560 U.S. 631 (2010).  "Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances.  *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005).  Generally, a litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way."  *Pace*, 544 at 418.

With respect to the diligent pursuit of rights, he must demonstrate that he exercised reasonable diligence in investigating and bringing the claims. *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. *See LaCava*, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, *see Jones*, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, *see Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). Significantly, even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Davenport failed to exercise reasonable diligence throughout the limitations period.  He waited 159 days after the conclusion of direct appeal proceedings to file his PCRA petition.  Between the conclusion of PCRA proceedings and the filing of his federal petition, approximately 2040 more days elapsed.  And the Court is unpersuaded that his pursuit of private criminal complaints demonstrates the exercise of reasonable diligence.  Approximately 531 days elapsed between the conclusion of his PCRA proceedings and the filing of those complaints with the district attorney's office.  Further, 819 additional days elapsed between the conclusion of the court proceedings related to those complaints and the filing of the instant petition.

In addition to his failure to demonstrate the exercise of reasonable diligence in bringing his federal petition, he  fails to demonstrate that extraordinary circumstances obstructed his pursuit of relief in either state or federal court.  There is no indication that he was actively misled, that he was in some extraordinary way prevented from asserting his rights, that he timely asserted his rights mistakenly in the wrong forum, or that he was misled by the court regarding the steps that he needed to take to preserve his claims.  Hence, equitable tolling of the AEDPA statute of limitations is not warranted.

We now turn to miscarriage of justice exception and his claim of actual

innocence. Although the fundamental miscarriage of justice or "actual innocence" exception was previously used to excuse procedural default, the United States Supreme Court has held that a convincing showing of actual innocence may excuse the federal limitations period. *McQuiggin v. Perkins*, 569 U.S. 383 (2013). *McQuiggin* made it clear that such an exception is very rare, noting that the petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 399 (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "To be credible a claim of actual innocence must be based on reliable evidence not presented at trial." *Schlup*, 513 U.S. at 324; *Calderon v. Thompson*, 523 U.S. 558, 559 (1998). "Proving actual innocence based on new evidence requires the petitioner to demonstrate (1) new evidence (2) that is reliable and (3) so probative of innocence that no reasonable juror would have convicted the petitioner." *Sistrunk v. Rozum*, 674 F.3d 181, 191 (3d Cir. 2012) (citing *Schlup*, 513 U.S. at 327). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.' *Schlup*, 513 U.S., at 329, 115 S.Ct. 851; *see House*, 547 U.S., at 538, 126 S.Ct. 2064 (emphasizing that the *Schlup* standard is "demanding" and seldom met)." *McQuiggin*, 569 U.S. at 386.

Davenport fails to provide any new reliable evidence to support his claim of actual innocence.  He argues that the district attorney's office "failed to review or request to see any of petitioner's evidence, in order for petition to prove his innocence."  (Doc. 20, ¶ 18).  This argument is based on the failure of the state courts to provide him the relief that he sought in his private criminal complaints. The validity of those complaints has been fully litigated in the state courts and found to be without merit.

"The gateway actual innocence standard is 'demanding' and satisfied only in the 'rare' and 'extraordinary' case where 'a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' " *Reeves v. Fayette SCI*, 897 F.3d 154 (3d Cir. 2018) (quoting *McQuiggin*, 569 U.S. at 392).  Davenport provides no such evidence in support of his claim.  Nor can any be extracted from the claims raised in his petition.  Accordingly, he has not demonstrated that the "actual innocence" exception to the AEDPA statute of limitations applies.

## III.   <u>Conclusion</u>

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed as untimely.

**IV.**    **Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find the procedural disposition of this case debatable.  Accordingly, no COA will issue.

A separate Order will issue.